Nygard v. Dipaolo Mr. Reed It please the court I am Ben Reed and with me is Cliff Gruen and we practice with Carlton fields What's the status of the New York case? It as I understand your honor it went up to the intermediate appellate court It was reversed. All right, they are awaiting Discretionary review by the I guess it's the Court of Appeals. That's the case where your client moved to dismiss Based on forum known convenience grounds. Yes, sir Though he he resides there in New York. No my client one of the companies does yes, sir Nygard Inc Mr. Nygard and Nygard International reside in Canada or occasionally in the Bahamas It doesn't have a residence also in New York. The company does not the individual Your Honor we believe in this case that as the court is is aware there were two Sets of litigation that the lower court considered there's our case Which was which we pled in the Rico matter and then there was two there are two cases in the Bahamas we believe that the lower court got off track in the beginning when she Had a misconception that the law the facts and the evidence in the Bahamas case Would be the same as the law fact and evidence in this case and Once she did that she applied all the standards for form nonconvenience all the tests to effectively the Bahamas case And not to the United States a Rico case that we brought Our case is a Rico case which deals with the process of attempting to pay witnesses to obtain illegally Influenced testimony the case in the Bahamas Let me make sure I understand this so the subject of this complaint is an alleged conspiracy that operated in the Bahamas No, sir. It operated in the United States principally Well, did it not obtain false statements in the Bahamas one statement was obtained in the Bahamas But your honor the the difference is under the about alleged harassment in the Bahamas There were cases about that, but that's not part of our case In this case the Statements about the alleged harassment in the Bahamas is just not it's not part of that whether they were part of that conspiracy According to this complaint. That's correct What what the conspiracy that we're talking about was the payment the bribery under the New York Statute 215 and under USC? 1956 is to pay for Influence testimony neither of those statutes require that the influence testimony ultimately be granted and we cite the eyes in case for the New York and the O'Connor case for the USC so the district court looked at what was happening in the Bahamas and It doesn't matter what happened there in the sense of whether or not they actually went through with it In fact, there's evidence in the record that the one of the witnesses said well I was going to give them true and false information Our case is a narrow RICO case all of which and most of which and I've never we Never seen a narrow week Rico case. Well, let me let me isn't that a Nazi moron? Well, we tried your honor. Let me let me approach it this way there are Three errors that we believe the lower court three groupings of errors and the first one relates to what you're asking me about The first is that the RICO case is based on facts in law that are principally United States based and there are about six types of evidence that the lower court frankly didn't consider in Deciding the lower court considered what the ultimate what ultimately happened in the Bahamas Which is not part of the RICO case first the parties. Of course, we have a United States plaintiff and two Canadian who do business in the United States as a lower court found and we have two Florida residents The witnesses and this is when the court went through all the criteria about the private factors There are eight witnesses and they all have u.s. Connections. It would be material There's mr. Bacon and his law firm. There's mr. DiPaolo and his organization There's mr. Palladino another investigation firm in his organization. They're, California based and There's miss Cummings and while she was in the Bahamas originally she was moved based on our pleading She was moved to the United States by mr. Bacon after the events happened the only connection of in terms of witnesses are mr Bullard and mr. De Vilma and they gave 12 statements and One was in the Bahamas. They gave four statements In the United States and they're from the Bahamas. They're in the Bahamas They gave they came to the United States and gave four statements they gave five statements in the Dominican Republic They gave two in Canada So when you consider the witnesses that are material in this case, the witnesses are almost exclusively except for those two In the United States the enterprise a New York resident created it Florida defendants developed directed and carried it out and Conspiracy to do this was clearly done in the United States between the New York folks and the Florida folks the funds for the enterprise were shipped from New York to Florida and then used around in other places and Finally, mr. Bacon as I mentioned moved one of the extortion folks into the United States that's the second that's the second third rather the use of the testimony the the affidavits the first use was in the New York litigation and Secondly, the use was on the Internet which resulted in it being in the world World Wide Web if you will the the influenced testimony The damage occurred entirely in the United States. Mr. Nygaard Inc is an American corporation and the lower court found that mr Nygaard and Nike and his international company both did business in the United States There's there's evidence or there's an allegation that a bank withdrew a line of credit That mr. Nygaard had for many years and that money was going to be used to develop further the American market so the the use of the Influence testimony the two predicate acts as I mentioned are ones in New York statute ones of Bahamians I'm sorry ones a United States Code statute But mr. Reid, let me ask you I know you and I understand you're focusing on a lot of the facts And your assumption that the private factors were were Misconstrued by the court. Yes, sir, but the real gist of your argument is what as I understood from from your brief is number one the court erred in in Not giving deference to the plaintiff's choice that they use the wrong presumption Yes, sir. And then the second one really goes more to the court did not adopt the plaintiff's Or the plaintiff's theory of the case. That's correct okay, so so I'm really interested in those two because I see those as really the Real foundation of your appeal or what I just what I just pointed out those six types of evidence Those all go to the fact that the judge did not apply any of those Because she accepted the plaintiff's theory that what happened in the Bahamas was important and it matters and whether or not They made the statements Filed the statements with the Bahamian court. She even talked about needing a jury view for instance now she didn't give that a lot of credit, but So all of that was an example of the court adopting the plaintiffs. I'm sorry the defendants view of the case Our view of the case as alleged Contains what I've just gone through as far as the evidence I was going to then move to the second Area that relates to this and that is what is actually required to violate the two predicate acts Neither statute requires that the ultimate bad act happen New York section code section 215 and we cite the Eisen case and the people versus bail It only requires that there be an offer of a benefit with the understanding that the testimony would be influenced There's no requirement that testimony be influenced. That's why judge prior my initial answers to your question Was that that doesn't matter in? Under that statute then 1956 is essentially a money-laundering statute and it likewise has no requirement. It says That the only required that the funds be transmitted with the intent to carry on unlawful activity Transferred from the US to somewhere else and there's no requirement that it actually happens. What's the unlawful activity in this case? It would be bribery Which is one of the one of the designated The statute refers back to the RICO list of RICO crimes and one of them would be bribery. That would be the unlawful activity So So the court that's why I think the lower court believed and the council convinced the lower court that it all what matters is What happened in the Bahamas is the the fact that the use of the statements and so forth but under under neither of the Predicate acts are we required to show that the bad acts the Bahamas case basically is a defamation harassment environmental litigation Violent acts totally unrelated to what we're claiming in this case So so where we really are is that our RICO case is about this scheme to bribe witnesses essentially and It all was planned and carried out and in fact except for the one Statement that was taken in the Bahamas all the statements were taken Either in the US or elsewhere and That's what our case is about our case is not about whether or not somebody actually Committed all of these wrong acts and when the lower court went through all the witnesses for instance the plaintiff the defendants in this case Didn't even list. Mr. Bacon in their disclosures as somebody who has knowledge of the case and The lower court went through all these witnesses There are 24 parties in those two Bahamas cases and of the 24 parties only two would be material to our case One is mr. Nygaard and one is mr. Bacon and the other 22 witnesses that parties not witnesses parties Tell me this. I'm kidding. Doesn't the complaint allege that Louis Bacon hired Apollo to obtain false Statements. Yes, sir against the plaintiffs false or influenced I think is the statutory isn't that the subject of the Bahamian litigation won't that Bahamian court have to decide whether or not not the Statements were in fact false They may have to decide that whether they're false or not. But what if the Bahamian court decides that they're true? Well that there's a footnote in at least one case Under the statute that I've cited to the court where you don't have to get to that point They say that's an open question If you if you bribe somebody to give influence testimony and it turns out to be true But that does not affect based on the two predicate act I mean, but I'm looking just though it's your complaint your complaint alleges that it's false. That's it That's and and and that is the subject of the Bahamian That is one big subject of the Bahamian litigation. It was in fact whether that is false Yes, sir. The witnesses about that are in the Bahamas There are these fault these alleged false statements are about events that allegedly occurred in the Bahamas But none of those acts have any bearing on the two predicate acts in this case they may be false and we believe they are false because they're scurrilous and But the statute says that you just have to intend that someone give Influenced testimony that that's what the statute and then now I'm looking at your complaint. Yes, sir I just that it's false. Yes, sir Absolutely, and there may be some overlap in that case But but the Bahamas court is not gonna have none of those witnesses know anything About the scheme that we've alleged here and the under the Rico statute if I could Scheme that may not be a scheme if the testimony was in fact true We as you as the courts aware, we weren't able to do any discovery So that it may that may be the case but if you go back to what is required in the pleadings we pled a certain case and the lower court applied the standards to a different case and That that that was the fundamental error to start with now the last question I was going to mention if I could respond to judge Hall's question about Deference the third point is the court over and over Said that Nygaard you Nygaard Inc was a foreign corporation and it's not and you can look at you can look at page 12 page 13 She says that my guarding deserves less deference because it's foreign The footnote six states that there's no dispute, but that the plaintiffs are foreign to Florida Plaintiffs are not u.s. Residents. Yeah, but she goes on to say that even if she were to give them deference She would reach the same result doesn't gene I was gonna that was that was gonna be my next point your honor in the SME case that this court decided The court reversed a similar situation Basically saying that isn't adequate just to say okay. I'm not gonna do it an alternative holding we said was inadequate I'm sorry. We said an alternative holding would not air no Mystery what you said is the court reversed the some of this motion Even if it were to assume that the district court understood the proper standing there was no That's different from the district court saying even if I give them that deference they still lose Our position you've run out of time. You're gonna have some time on rebuttal. So let's hear from mr. Crockett You Good morning, may it please the court based on the standard of review in this case, which is clear abuse of discretion Everything you've heard is dead wrong I want to start by going to the complaint not the trial courts Supposed mistaken view of the complaint but the complaint in this case 14 the heart of the predicate acts the predicate act that alleged is money laundering sending money from New York For the purpose of committing crimes in the Bahamas for which there's extradition So the district court was not off on a wild You know error in finding that this was based on the Bahamas. She was reading the plaintiff's complaint Secondly, there was one Affidavit before the district court on what was the litigation the Bahamas and that was from Malin's the one sworn affidavit listing witnesses The said the issues in this case were identical in substance to what was painting in the Bahamas They turned on whether the misconduct alleged in the de Paulo affidavit all in the Bahamas happened So the facts were overwhelmingly in the Bahamas and the witnesses to that whether or not these were true We're overwhelmingly in the Bahamas There were 14 Listed in Malin's affidavit as the trial court found on on the point of witnesses with ample support in the record Again, she doesn't the court doesn't have to consider Arguments of counsel when there's an affidavit. That's the sole sworn sworn evidence What do you do about the the error she clearly made? I mean the orders Internally inconsistent. I mean she begins by saying that Nygaard International is a is a Delaware or Nygaard Inc is Delaware Corporation with its headquarters in New York and then, you know as your brother Suggested you threw out the opinion says The plaintiffs are not United States citizens. That's that's I don't believe that was in there I think what was not within I understand The court as the court says Nygaard Inc is that is a New York entity, right? So but I mean I'm reading from from page 22 She says the court first notes that plaintiffs in this actions are not United States citizens or residents or citizens Okay, well, it would be it would be weird and therefore I don't give them different We admit we admit that two of the three plaintiffs are foreign. The third is a citizen. So we we acknowledge she got that wrong Okay, it may be a right Come on if there's if Nygaard Inc is a United States citizen, which is what you just said and she's thank you We agree with that your honor But what but I also want to say that that could be you know As we've heard from judge prior that could be an alternative holding so we don't need to it may not be a dispositive issue Is it is there an alternative? Yes, clearly there was she said even if I gave even if I gave the highest Deference to the plaintiffs as this court has done in Eldona and judge Pryor's opinion in Tazo When there when the witnesses are not subject to compulsory process that are necessary that does meet Standard for form not a convenience dismissal even for a US citizen, but there is one point judge Martin I do want to raise in Piper that Piper versus Piper aircraft versus Reno The Supreme Court said you look at the real party and interest The citizenship of that party and case you have a good argument about that, but the problem it seemed to me with it is She didn't really say that I agree your honor. Mr Court did not say that if that was if that was a finding it was an implicit finding That's why that's why I say it may be right for the wrong reason. Yeah Nygaard Inc, though it's hard for me to see how it's a real party and interest but but but She didn't say that I I agree I agree and and whether that was whether that was an error a typographical error or what or an error of reasoning or If you if you're more charitable to the district court, which would be which would be my view The court said listen the real plaintiff here Yeah Is Peter Nygaard individually who by the way is the only plaintiff on the Bahamian action the conspiracy to injure? He's the only plaintiff there this is not Nygaard Inc is not a RICO claim. It's not a viable claim It's a claim of indirect harm because the owner of the company was allegedly libeled So so that's so I think that that it is the district courts Ruling that as a group they should be considered foreign is reasonable. But this I I Don't want to I don't want to misstate what the court said and you could I'm being charitable to the court Maybe that's the standard of review of you know, the presumption of correctness But yeah, what's so odd is that she makes it clear twice in her order that She understands that Nygaard Inc is a Delaware corporation with correct. Absolutely. That's that's one. That's what I'm saying It's not it's not one way I'd read it was that what she was really saying was that they weren't a resident of the Southern District of Florida But that would to that too would be legal error because it doesn't matter. What matters is American citizenship, right? looking at the looking at the Findings that were made and that are not challenged I've talked about the witnesses and where they are and that's of course the dominant factor and the jurisprudence is the ability to compel witnesses Secondly the court found on private interests every single factor weighs in favor of dismissal except for the plaintiff's choice That's the very holding that this court upheld. Did she consider? the caseload of the Bahamian courts Not what did consider it but didn't did she did consider it where is that that that was it was referred to in the mail-ins affidavit What you mean I'm talking about the the court Where did the court consider the caseload of the Bahamian courts? No What I recall was she said all she said was South Florida was very congested and didn't make a relative I don't think there was any no one made an argument on which was more and she did not address it I don't believe so. I don't believe so. I believe there was only the Florida congestion. It was that was referenced So that's on on private interests I think the court did make the sufficient finding secondly if we give the plaintiffs every benefit of the doubt and look at public interest the court was within its discretion and this order will be affirmed just based on public interest the duplicate litigation the fact that this is already at issue in the Bahamas the fact that the the issue is was a false affidavit Filed in the Bahamian court an issue that's already being litigated and Florida jury should not rule on whether Reverend Moss was firebombed in the Bahamas by mr Nygaard or not and all the other issues in the Bahamas so I would say if you look at the the I'm just going to mention by name four cases, which I think are Very consistent with affirming the district court the sign of chem case from the from the US Supreme Court said this is a textbook case for dismissal where there was an issue of whether a False filing had been made in China and whether a Chinese court ruling was incorrect this court in Ford versus Brown held that Dismissal was mandated in a similar case where there was an allegation of a conspiracy Involving an American But the events occurred in Hong Kong and then I'll Donna and Tazo Tazo written by a judge prior two cases that go through all the factors and Talk about the importance of ability to compel witnesses So in essence, this was a case where there was the record was sufficient The district court analyzed all the correct all this law cited it made complete findings in the third order I agree there one or two points. There was another point where the court Got the parties wrong in the New York action, you know Said it correctly one time the second time there was a typographical error But it's an injunction been issued in the harassment suit in the Bahamas No My understanding is there has been no final rule and there was a hearing and it was taken evidentiary hearing was taken. I Is a summary judgment hearing was taken under advisement and there's been no ruling so it's been it's been under advisement first for months We're waiting on they're busy down there. I I'm beyond my expertise your honor and commenting on let me Drill down a few a moment though. You've made a big point about witnesses are key here. Correct? Yes. Okay, so if the district court Was was too narrow in in its analysis of the theory of the case and was focused more on What witnesses are needed to prove to prove? the veracity of the DePaulo affidavit doesn't that suggest then that that she may have missed a universe of other witnesses that would address The other issues that are contained in the plaintiff's complaint and their their concern about The Rico action and the money laundering predicate act. I mean it seems to me that if if she's too narrow She's not looking at a large enough Base if you would have potential witnesses and so that may have been error to do that Well, I think your honor if you look if when you read the district courts decision Went through every witness that was a listed by any party and the record that was related to those witnesses This this was addressed in the Tazo case The proper proceeding is you look at the claims and you look at the defenses and what? Witnesses are relevant to both of them and that's exactly what the district court did here What what we are what as being alleged is court reporters? Where statements were taken or bank records where wires were sent those are not the Important witnesses on which the issue the issues depend as the court found again this there's support for this in the record this cannot be reversed the district court said the every important witness in the case Except for bacon and DePaulo who are parties are available in the Bahamas So that that was that supports the that was the courts finding and supported by ample evidence in the record Including the uncontradicted mailings affidavit. There was no affidavit from the plaintiffs This is the witness that I need this is this witness is important for this reason or that reason But the court nonetheless considered every witness that that was mentioned in their papers gave them every benefit of the doubt But still concluded that all that all of the witnesses with the exception of the parties That means you order DePaulo to be joined in the Bahamas So with exception of DePaulo and bacon everyone was available in the Bahamas But but we're early in that we're early in the litigation There's been as you've said or one of you've said there was had been very little discovery How would the plaintiff know then the full extent of the potential witnesses? Well, the the the case law says forum non-convenience It's intended to at the beginning of the litigation and there have been other case many cases where it's argued No, I've already done discovery and that's a reason for avoiding the dismissal This was done right at the inception and really the court said it's clear It's clear that not only is this already at issue in the Bahamas You're alleging violations of Bahamian law and the witnesses are there and they're not here. This case needs to be in the Bahamas It's a textbook case unless there are any further questions from the court. We'd ask that the dismissal be affirmed It please the court on the question of discovery we had propounded discovery We had some call and boilerplate responses. We had a meet-and-confer We had agreed Council had agreed to provide better answers and the very next day the court entered this order We raised this with the trial court explaining that we had this discovery outstanding. So that's number one the as far as the SME case judge in the and the The courts analysis is what I think we need to look at and in her analysis She clearly did not give the highest deference certainly in the case of miss of my guard u.s My guard he has this footnote. Yes, sir She said if I if I had done it, I would have it be the same result same result She didn't do an analysis because she had not applied the proposition for all the other reasons that are stated in this order Yes, sir, right? Yes, sir. She did do that and I we can evaluate that right? Well, I think you need to look to what her analysis was and I mean if she in fact did any analysis Using the higher standard what she dropped below the standard then we don't know what she would have done And there's no way to contest it at that point Since she clearly did not apply the proper deference to night guard Inc your honor the the the only issue the only issue that we discussed earlier was whether or not there the affidavit is true, but all the testimony all of the Witnesses that you're going to talk about what happened at the at the hate rallies and the and the hit lists and all those things Have those witnesses have nothing to do With the Rico claim those witnesses don't know anything about. Mr. Bacon setting up this system hiring these people and Telling them to go out and find witnesses. Well, you know hiring investigators is not a crime No, sir, but but in this case you got any of you hire witness investigators to go out and find and get truth Truthful witnesses. Yes, sir, and certain events. Yes. I don't view that is Criminal activity may I've just direct the court's attention to the statement transcribed statement on February 19th, 1917 Which explains what they were doing and it it basically has the whole scheme It says we want to give you we want to pay you this and there's an affidavit saying it didn't matter whether we gave him True information or not. They just wanted dirt and that entire day of recording of the whole meeting between mr. DiPaolo and the two alleged criminals Lays the whole thing out and so it wasn't just doing investigation. In fact at one point. Mr. DiPaolo said I was This is like a drug deal. We need to see the stuff before we pay so tell me what you've got on them before we give you the money and they gave him 50,000 that day and They've never denied that they gave him three to five million for the rest of it. Okay, mr. Reid. Thank you We have your case. We understand it. We'll move to the last case for the day Northeast 32nd Street LLC versus United States